**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARCEL RAFAEL MALAVE VIVAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2051-D** |
| | ) | |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Marcel Rafael Malave Vivas, a citizen of Venezuela proceeding with counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[1] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 6). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act ("INA"). The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner is citizen of Venezuela who entered the United States on or about December 31, 2021. (Doc. 1, at Ex. 7, at 3).

- On January 3, 2022, he was charged with being removable from the United States. (*Id.*) On January 4, 2022, an authorized officer released Petitioner on his own recognizance. (*Id.* at 6).

- Petitioner alleges he was detained by ICE on December 3, 2025, while attending an ICE check-in. (Doc. 2, at 3).

- Petitioner alleges, and Respondents do not contest, that he has not been provided with an individualized custody redetermination. (Doc. 1, at 3). Indeed, his requests for a custody redetermination were denied by an immigration judge for lack of jurisdiction. (*Id*. at Ex. 8, at 2, 4).

- Petitioner's immigration proceedings are ongoing, as he has a pending appeal of his order of removal. (*Id.* at Ex. 11, at 2). Thus, he is not subject to a final order of removal.

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 1, at 2).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of his Petition:[2]

1. Prolonged detention without an adequate individualized justification. (Doc. 1, at 8).

2. Arbitrary and unreasonable continued immigration detention. (*Id*.)

[2] Petitioner disclosed that he had previously filed a petition for writ of habeas corpus under § 2241 in the United States District Court for the Northern District of Texas, and he was denied relief under Fifth Circuit precedent. (Doc. 1, at Ex. 1, at 3). *See Malave-Vivas v. Valdez*, No. 6:26-CV-00056-H, Doc. 19 (N.D. Tex. June 26, 2026). However, Respondents do address this prior petition and thus have waived any related arguments, including those based upon the abuse-of-the-writ doctrine.

3. Failure to meaningfully reevaluate continued immigration detention. (*Id.*)

4. Severe family and humanitarian hardship resulting from continued immigration detention. (*Id*. at 9).

5. His detention has become unreasonably prolonged in violation of due process. (Doc. 3, at 13).

As relief, Petitioner requests his immediate release from custody or, alternatively, "an individualized hearing before a neutral decisionmaker at which the Government bears the burden of proving that Petitioner's continued detention is justified." (Doc. 1, at 9).

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "compels a different outcome." (Doc. 11, at 1). "Respondents request that any order entered in this case be limited to ordering a bond hearing within seven days" and also be limited to Petitioner's statutory claim. (*Id.* at 1-2). In Reply, Petitioner reiterates that *Santillan Quiroz* controls. (Doc. 13, at 1).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled to a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[3]

Because the undersigned recommends granting habeas relief on the basis of a violation of the INA, it is unnecessary to address Petitioner's due process claim, particularly as it would result in the same relief. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs

[3] Under current BIA precedent, the non-citizen bears the burden of proving dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody. Petitioner's Motion for Expedited Consideration, (Doc. 4), is **granted** to the extent consistent with this Report and Recommendation and the Court's Order for response (Doc. 8).

**The Court advises the parties of their right to object to this Report and Recommendation by October 21, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[4] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 14th day of October, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE